UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BRANDON LAMONT FRENCH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00402-JMS-MJD |
| | ) | |
| RICHARD BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Brandon French's petition for a writ of habeas corpus challenges his conviction in a prison disciplinary proceeding identified as CIC 17-05-0216. For the reasons explained in this Entry, Mr. French's petition must be **denied**.

## I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

CIC 17-05-0216 began with the following conduct report, written by Officer J. Renick on May 21, 2017:

> On 5-21-17 at approximately 5:08am I Officer J. Renick was in 2-4 side of A-Unit, when I saw Offender French, Brandon #167087 on the ground assaulting Offender Bright, Maquel #150214. I ordered both Offenders to 1 stop but they refused. At this time I administered a 1 second burst of OC to the target area of Offender French Brandon #167087. Offender French complied with with my orders to stop assaulting Offender Bright.
>
> End of Report.

Dkt. 5-1.

On May 23, 2017, Mr. French received a screening report notifying him that he was charged with violating Code 212, "Assault/Battery." Dkt. 5-2. Mr. French requested that the prison staff review surveillance video of the incident and provide him photos of any injuries to Bright. *Id.*

The hearing officer provided Mr. French with the following written summary of the surveillance video:

> I, Sgt. J. Reed, reviewed the video footage for case number CIC 17·05-0216. The camera was reviewed for the date of 5/21/17 and at approximately 5:07:11AM Offender Bright is seen standing outside of Offender French's cell at which time Offender French comes out of his cell and begins assaulting Offender Bright. Offender Bright begins throwing punches at Offender French and the altercation goes to the floor with Offender Bright on top of Offender French.

Dkt. 5-4. The Court has reviewed the video. *See* dkt. 12. It is consistent with the written summary and shows two inmates throwing punches at one another. No pictures were presented.

CIF 17-05-0216 proceeded to a hearing on May 24, 2017. Dkt. 5-5. In his defense, Mr. French stated that "nobody got hurt" and that he would plead guilty to a lesser offense. *Id.* The hearing officer found Mr. French guilty of violating Code 212 after considering the conduct report, Mr. French's statement, and the video. *Id.* The hearing officer assessed sanctions, including a loss

2

of 30 days' earned credit time. *Id.* Mr. French's administrative appeals were denied. Dkts. 5-6, 5-7, 5-8.

### III. Analysis

Mr. French asserts that two aspects of the disciplinary proceeding denied him due process. First, he argues that the prison staff wrongly denied his request for photos showing whether Bright was injured in the incident. Second, he argues that the evidence against him was only sufficient to support a conviction for fighting in violation of Code 372 because nobody was injured.

Both of Mr. French's arguments rely on the false premise that an inmate must injure someone in order to violate Code 212. At the time of this incident, an inmate violated Code 212 by "[c]omitting a battery/assault upon another person without a weapon *or* inflicting bodily injury." Indiana Dep't of Corr., *Adult Disciplinary Process*, App'x I: Offenses, at § 212 (June 1, 2015) (emphasis added). Inflicting bodily injury was *one* way to violate Code 212, but it was not the *only* way. Simply committing battery was enough.

"Battery" is not defined by the disciplinary code. However, it is a common term, and its common definitions indicate that injury is not a prerequisite to battery.[1] Because no showing of injury was required to convict Mr. French of battery, neither of Mr. French's arguments for habeas relief is viable.

---

[1] *E.g.*, Ind. Code § 35-42-2-1(c)(1) (defining criminal battery as "knowingly or intentionally . . . touch[ing] another person in a rude, insolent, or angry manner"); *Mullins v. Parkview Hosp.*, 865 N.E.2d 608, 610 (Ind. 2007) ("'[A]n actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results.'" (quoting Restatement (Second) of Torts § 13 (1965)); Black's Law Dictionary, *Battery* (11th ed. 2019) (defining battery as "[t]he nonconsensual touching of, or use of force against, the body of another with the intent to cause harmful or offensive contact," and "[a] nonconsensual, intentional, and offensive touching of another without lawful justification, but not necessarily with the intent to do harm or offense as required in a criminal battery"); Merriam-Webster, *Battery*, avail. at https://www.merriam-webster.com/dictionary/battery (last visited Feb. 5, 2020) (defining battery as "the act of beating someone or something with successive blows" and "an offensive touching or use of force on a person without the person's consent").

## A. Sufficiency of the Evidence

Mr. French first asserts that his actions on May 21, 2017, did not amount to "battery" as punishable under Code 212. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added). *See also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

Considerable evidence supports the hearing officer's conclusion that Mr. French battered Bright. Officer Renick's conduct report documents that he saw Mr. French "on the ground assaulting" Bright. Dkt. 5-1. Moreover, the video shows Mr. French punching Bright. Dkts. 5-4, 12. No more evidence is necessary to establish that Mr. French battered Bright.

As noted above, Mr. French could batter Bright in violation of Code 212 without injuring him. His argument that his conduct was more accurately described as "fighting" and therefore more properly punished by a different disciplinary code provision also is inapplicable on habeas review. The Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)). While the hearing officer might reasonably have found that Mr. French was guilty of fighting instead of battery, due process did

4

not obligate him to reach that conclusion. The battery conviction was supported by evidence and therefore was proper for purposes of habeas review.

B.     **Denial of Photographic Evidence**

Mr. French also asserts that the prison staff denied him due process by refusing to provide photographs showing whether Bright was injured during the altercation. As an initial point, it is not clear whether any such photographs exist. If they did not, the staff's failure to produce photographs could not have denied Mr. French due process. "Prison administrators are not obligated to create favorable evidence or produce evidence they do not have." *Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017); *see also Jemison v. Knight*, 244 F. App'x 39, 42 (7th Cir. 2007) (finding that inmate was "not entitled to a lie-detector test at a prison disciplinary hearing as a matter of law").

But even if there were photographs, and even if they showed that Mr. French did not injure Bright, due process did not require the prison staff to produce them. Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008). As the petitioner, it is Mr. French's burden to establish that any evidence he was denied was material and exculpatory. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (noting the petitioner did not "explain how [the requested witness's] testimony would have helped him" and thus "the district court properly denied relief" on the petitioner's claim that he was wrongfully denied a witness).

5

Because battery does not require injury, the photographs would not undermine or contradict the hearing officer's finding that Mr. French battered Bright. Moreover, the video is conclusive evidence that Mr. French battered Bright by punching him. Pictures showing that the punches did not leave visible injuries would not raise even a reasonable probability that the hearing officer would have found Mr. French not guilty. *Cf. Scott v. Harris*, 550 U.S. 372, 380–81 (2007) ("Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; *it should have viewed the facts in the light depicted by the videotape.*") (emphasis added).

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Mr. French's petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks. Accordingly, Mr. French's petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue. Mr. French's motion for ruling, dkt. [17], is **granted** insofar as the Court has now ruled on his petition.

**IT IS SO ORDERED.**

Date: 2/7/2020

*Jane Magnus-Stinson* (signature)
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

BRANDON LAMONT FRENCH
167087
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov